IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Samantha Gunn | ) | |
|     Plaintiff, | ) | Case No. 8:12-cv-414 |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| I.Q. Data International, Inc. | ) | |
| | ) | |
|     Defendant | ) | |

## I. INTRODUCTION

1. Plaintiff Samantha Gunn is a single person who lives in Omaha, Douglas County, Nebraska. Defendant I.Q. Data International, Inc. (hereinafter "IQD") attempts to collect past due rent payments and similar debts from individuals on behalf of creditors who hire them to undertake such collection efforts.

2. Defendant engaged in unlawful acts directed towards Plaintiff, including unlawful communications with Plaintiff after she informed Defendant in writing to cease calling her phone number. Defendant's conduct is part of a pattern and practice of unlawful collection abuse.

3. In enacting the FDCPA in 1978, the U.S. Congress found:

   > [t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Existing laws and procedures for redressing these injuries are inadequate to protect consumers. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of

such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

4. Defendant's collection practices violated both federal and state law.

5. Defendant's unlawful collection practices caused Plaintiff to suffer emotional distress in the form of anxiety and stress, amongst other negative emotions.

6. This is an action brought by Plaintiff for statutory and actual damages against Defendant, pursuant to federal and state debt collection laws, which prohibit debt collectors from engaging in deceptive and unfair practices.

## II. FACTUAL ALLEGATIONS

7. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, past due rent owed to "Forrest Creek Apartments".

8. Plaintiff alleges that at some point in time the alleged debt was assigned, placed with, or otherwise transferred to Defendant for collection from the Plaintiff.

9. On April 5, 2012, Defendant called Plaintiff's mobile telephone number three (3) times in less than an hour.

10. In June 2012, Plaintiff mailed a letter to Defendant, asking that Defendant validate the debt she was alleged to owe and also requesting that Defendant cease and desist in contacting Plaintiff by phone at her home or her place of employment. The letter to Defendant included the following, "I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment….All future communications with me MUST be done in writing and sent to the address noted in this letter."

## DEFENDANT UNLAWFULLY CONTACTS PLAINTIFF ON SEPTEMBER 17, 2012

11. Defendant called Plaintiff on September 17, 2012 on her phone, after being instructed in writing not to do so.

12. Defendant told Plaintiff that she owed a debt to Forest Creek Apartments.

13. Plaintiff told Defendant that she had previously asked that the debt be validated and that she had not received any written response to that request.

14. Defendant told Plaintiff that validation information had been mailed to her address on Orchard Ave, Omaha, Nebraska.

15. Plaintiff told Defendant that she had not received the validation information and asked that it be mailed to her again.

16. Defendant told her that it had already been mailed twice to her address and they would not do so again.

## DEFENDANT UNLAWFULLY CONTACTS PLAINTIFF ON SEPTEMBER 19 & 20, 2012

17. Defendant called Plaintiff on September 19, 2012 and asked Plaintiff about the alleged debt.

18. Plaintiff told Defendant that per the instructions in her previous letter to IQD they were not to call her. Defendant put her on hold while they verified the information, then hung up on Plaintiff.

19. Defendant called Plaintiff on September 20, 2012. Plaintiff did not answer the phone.

## DEFENDANT UNLAWFULLY CONTACTS PLAINTIFF ON SEPTEMBER 21, 2012

20. Defendant called Plaintiff on September 21, 2012 and asked Plaintiff about the alleged debt.

21. Plaintiff told Defendant that per the instructions in her previous letter to IQD they were not to call her and she hung up the phone.

## DEFENDANT UNLAWFULLY CONTACTS PLAINTIFF ON SEPTEMBER 24 & 25, 2012

22. Defendant called Plaintiff on September 24, 2012. Plaintiff did not answer the phone.

23. Defendant called Plaintiff on September 25, 2012. Plaintiff did not answer the phone.

## DEFENDANT UNLAWFULLY CONTACTS PLAINTIFF ON SEPTEMBER 26, 2012

24. Defendant called Plaintiff on September 26, 2012 and asked Plaintiff about the alleged debt. Plaintiff told Defendant that per her previous letter to IQD they were not to call her. Defendant told her that they did not receive a cease and desist letter. Plaintiff told Defendant that the validation letter that they admitted receiving included a written request to stop calling Plaintiff at home or at work. At this point Plaintiff hung up the phone.

25. After Plaintiff hung up the phone, Defendant called Plaintiff back less than ten minutes later.

## DEFENDANT'S ABUSIVE AND INTRUSIVE CONDUCT CASUED PLAINTIFF THE HARM RECOGNIZED BY CONGRESS

26. Defendant's unlawful collection practices caused Plaintiff to suffer emotional distress in the form of anxiety, stress, depression and embarrassment, amongst other negative emotions.

27. All telephone contacts from Defendant were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28. On information and belief, Defendant has a pattern and practice of abusive, and unlawful collection practices similar to the above.

## III. JURISDICTION

29. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

30. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

## IV. PARTIES

31. Plaintiff, Samantha Gunn, is a natural person residing in Douglas County, Nebraska. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1692a(3).

32. Defendant, I.Q. Data International, Inc., is a corporation organized under the laws of the state of Washington, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6). The Washington State Secretary of State indicates the registered agent is Kenneth Stumbo and the registered address for service of process as 1010 SE Everett Mall Way, #100, Everett, WA 98208.

33. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

34. All references to "Defendant" or "IQD" shall mean the Defendant or an employee of the Defendant.

## V. TRIAL BY JURY

35.  Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. CLAIMS

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

36.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant's acts and omissions constitutes numerous and multiple violations of the FDCPA 15 U.S.C. §1692 et. seq., including but not limited to: 15 U.S.C. §1692c(c), 1692d, 1692f and 1692g.

38. Defendant impermissibly contacted Plaintiff by telephone after being instructed in writing not to do so. Such contact is in violation of 15 U.S.C. §1692c(c).

39. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d.

40. Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number in violation of 15 U.S.C. §1692d(5).

41. Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

## SECOND CAUSE OF ACTION

## NEBRASKA CONSUMER PROTECTION ACT

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Plaintiff brings the second claim for relief against Defendant under the Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1609 et. seq.

44. That the practices of Defendant, described above, are standardized practices which constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 et. seq. Therefore, prosecuting this claim is in the public interest.

45. That the acts of Defendant set forth above, constitute violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1609 et seq. and entitles Plaintiff to statutory and actual damages, attorney fees and costs.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 to the Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages to the Plaintiff pursuant to 15 U.S.C. §1692k(a)(1);

- for an award of costs of litigation and reasonable attorney's fees to the Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3); and

- for such other and further relief as the Court may find to be just and proper.

### SECOND CAUSE OF ACTION

### VIOLATIONS OF THE NEBRASKA CONSUMER PROTECTION ACT

### Neb. Rev. Stat. § 59-1609 et seq.

- for an award of statutory damages to the Plaintiff pursuant to Neb. Rev. Stat. § 59-1609;

- for an award of actual and general damages to the Plaintiff pursuant to Neb. Rev. Stat. § 59-1609;

- for an award of costs of litigation and reasonable attorney's fees to the Plaintiff pursuant to Neb. Rev. Stat. § 59-1609;

- for an injunction enjoining Defendant from committing future violations;

- for such additional relief as the Court may find to be just and proper.

Dated: December 3, 2012

        Samantha Gunn, Plaintiff.

        By: /s/ Burke Smith
        Burke Smith, #19883
        Burke Smith Law
        10730 Pacific Street, Ste. 213
        Omaha, NE 68114
        Tel. (402) 718-8865
        Fax (402) 218-4391
        burke@burkesmithlaw.com

        ATTORNEY FOR PLAINTIFF